IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

WINNIFRED SKINNER PELOQUIN,

        Plaintiff,

v.                              CIVIL ACTION NO. 2:09-cv-00591

ACTAVIS TOTOWA, LLC., et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is the defendants' motion for an order to show cause why plaintiff's case should not be dismissed for failure to provide sufficient responses on the Plaintiff Fact Sheet [Docket 16].

The defendants contend that the plaintiff failed to answer specific questions in Sections III, IV, V, and VII of the Plaintiff Fact Sheet. The Plaintiff was warned in an August 4, 2009, deficiency letter from the defendants that her failure to provide fully responsive answers to the Plaintiff Fact Sheet could result in the dismissal of this action. The plaintiff did not cure the deficiencies or make any effort to confer with the defendants. In her response to the motion for an order to show cause, the plaintiff contends she timely served the Plaintiff Fact Sheet accompanied by nearly 400 pages of records, along with supplementing her initial responses, and that the Plaintiff Fact Sheet contained no material deficiencies prejudicing the defendants. She further asserts that she discharged her obligations under PTO 16 to provide substantially complete responses by providing the defendants with the voluminous medical records which contained information responsive to many of the fact sheet questions.

The defendants reply that instead of responding substantively to the deficiencies identified, the plaintiff repeatedly directed the defendants to "refer to the medical records." (Defs.' Reply at 1). According to the defendants, they are in essence forced to sift through the hundreds of pages of medical records in order to ascertain the Plaintiff Fact Sheet responses that the plaintiff is obliged to supply. (*Id.* at 2). The defendants correctly observe as follows:

> Defendants respectfully submit that "refer to medical records" is no answer at all; such a response identifies no information and essentially forces Defendants, rather than Plaintiff, to complete the PFS. If "refer to medical records" were an adequate response, PTO #16 would not have required Plaintiff to "answer every question" in addition to producing medical records.

(*Id.* at 2).

The plaintiff's counsel is not excused from compliance with the requirements imposed by PTO 16 by virtue of the quantity of medical records disclosed. Accordingly, I **ORDER** the plaintiff's counsel, no later than February 16, 2010, to fully and substantively respond to the omissions outlined in the deficiency letter. Additionally, I do not deem the plaintiff's counsel's excuse for his failure to comply with PTO 16 to be a satisfactory explanation, much less a substantial justification, for his actions. Accordingly, absent any showing of substantial justification to be filed no later than February 11, 2010, I will **IMPOSE** sanctions against the plaintiff's counsel, in the amount of $500.00 pursuant to Federal Rule of Civil Procedure 16(f). If the fault lies elsewhere, counsel may so advise me by the prescribed date.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party. ENTER: February 5, 2010

Joseph R. Goodwin, Chief Judge

-2-