# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

WINNIFRED SKINNER PELOQUIN,

        Plaintiff,

v.                                       CIVIL ACTION NO. 2:09-cv-00591

ACTAVIS TOTOWA, LLC., et al.,

        Defendants.

### MEMORANDUM OPINION AND ORDER

On February 5, 2010, I entered a memorandum opinion and order relating to the plaintiff's counsel's failure to substantially complete the Plaintiff Fact Sheet ("PFS"). The memorandum opinion and order was based upon the plaintiff's counsel's failure to answer specific questions in Sections III, IV, V, and VII of the PFS. In particular, the plaintiff's counsel merely referred the defendants to medical records that had been produced rather than providing substantive responses to the questions posed by the PFS. While the plaintiff's counsel produced medical records in abundance, the memorandum opinion and order noted, and directed, as follows:

> The plaintiff's counsel is not excused from compliance with the requirements imposed by PTO 16 by virtue of the quantity of medical records disclosed. Accordingly, I ORDER the plaintiff's counsel, no later than February 16, 2010, to fully and substantively respond to the omissions outlined in the deficiency letter. Additionally, I do not deem the plaintiff's counsel's excuse for his failure to comply with PTO 16 to be a satisfactory explanation, much less a substantial justification, for his actions. Accordingly, absent any showing of substantial justification to be filed no later than February 11, 2010, I will IMPOSE sanctions against the plaintiff's counsel, in the amount of $500.00 pursuant to Federal Rule of Civil Procedure 16(f). If the fault lies elsewhere, counsel may so advise me by the prescribed date.

(Memo. Op. at 2).

This memorandum opinion and order deals only with the question of whether the plaintiff's counsel, who claims the fault is entirely his own, has shown substantial justification for his failure to comply with PTO 16.  On February 11, 2010, the plaintiff's counsel filed his brief regarding Rule 16(f) sanctions, noting materially as follows:

> Plaintiff's counsel is well aware of this court's expectation and directive that each case in this MDL be closely monitored and litigated by representative counsel in a personal way, and on an ongoing basis. Plaintiff's counsel here has taken full measures to comply with this directive. Despite being substituted out as counsel in other filed cases, plaintiff's counsel remained counsel of record here in an attempt to resolve this discovery dispute. Plaintiff's counsel took a position, albeit an unsuccessful position, that was grounded in Fed.R.Civ.P. 33(d) and in the language of PTO 16. Plaintiff provided supplemental responses to the fact sheet in an effort to resolve the dispute. Plaintiff's counsel is currently preparing additional responses pursuant to this court's order. Given plaintiff's counsel's efforts and continuing efforts to supply defendants with suitable responses to the fact sheet, plaintiff's counsel requests leniency in deciding the issue of sanctions.
>
> ...
>
> Plaintiff's counsel here took the position that records could be produced in lieu of responses under Fed.R.Civ.P. 33(d) given specific language in PTO 16 that fact sheets "will be governed by the standards applicable to written discovery under Federal Rules 26 through 37." (PTO 16 SectionIV(2)(a).) Rule 33(d) is "intended to be used in the situation where an interrogatory makes broad inquiries and numerous documents must be consulted to ascertain facts, such as identities, quantities, data, action, tests, results, etc." *SEC v. Elfindepan, SA*, 206 F.R.D. 574, 577 (M.D.N.C.2002). The fact sheets here seek just this type of information, including identities of physicians, quantities of prescriptions, prior medical data, diagnoses, prognoses, tests, results, etc. Plaintiff's counsel recognizes the unique nature of mass tort litigation and the need for a streamlined discovery process. But, since plaintiff's counsel relied on specific language from the pretrial order and on the Federal Rules of Civil Procedure, plaintiff's counsel believe that, at the very least, reasonable lawyers could disagree about the appropriateness of plaintiff's position. As a result, plaintiff's counsel had substantial justification for the disputed position.

(Pl.'s Br. at 2-3).

The plaintiff's counsel's response to the questions asked in the PFS was, as noted in the earlier memorandum opinion, erroneous and contrary to the purpose behind the PFS process.

Nevertheless, the explanation offered constituted substantial justification. This finding is borne out by the fact that, now aware of the proper approach, the plaintiff's counsel is undertaking efforts to substantially comply. Accordingly, I decline to impose sanctions at this time.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 25, 2010

Joseph R. Goodwin, Chief Judge